# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DIANNE HAGGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-CV-169-NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Dianne Haggett's ("Haggett") application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion.

**I.     Issues for Review**

Plaintiff presents two issues for review. First, Haggett contends that the administrative law judge ("ALJ") committed reversible error in finding that her mental impairments were non-severe. Second, Haggett contends that the ALJ committed reversible error by failing to develop the record.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980. Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

## III. Discussion

### A. Severity of Mental Impairments

In this case, the ALJ found that Haggett did not have a mental impairment that significantly limited her for 12 months or longer. (Tr. 22.) Haggett asserts that her mental impairments of depression and anxiety are severe and present more than a "de minimis" effect on her ability to perform basic work activities.

After the ALJ has determined that the claimant is not engaged in substantial gainful activity, the ALJ then determines whether the claimant has a severe impairment or combination of impairments that has or is expected to last twelve months or will result in death. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(i)-(ii); 416.909, 416.920(a)(4)(i)-(ii). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908. To be considered severe, an impairment must significantly limit a claimant's ability to do basic work activities. *See* 20 C.F.R §§ 404.1520(c), 416.920(c). A claimant is not disabled if her impairments are not severe. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* at 707. Basic work activities mean the abilities and aptitudes necessary to do most jobs, including physical functions; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b); 416.921(b).

"If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Kirby*, 500 F.3d at 707 (citing *Page v. Astrue,* 484 F.3d 1040, 1043) (8th Cir. 2007). "It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Id.* (citing *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir.2000)). "Severity is not an onerous requirement for the claimant to meet, . . . but it is also not a toothless standard." *Id.* at 708. In evaluating the severity of mental impairments, the Social Security Administration uses a special technique. 20 C.F.R. §§ 404.1520a, 416.920a. The special technique analysis requires (1) determination of whether claimant has a medically determinable impairment, (2) identification of the symptoms, signs, and laboratory findings that substantiate the presence of the impairment, and then (3) rating the degree of functional limitation resulting from the impairment. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). After the degree of functional limitation from the impairment is rated, the severity of the mental impairment is determined. 20 C.F.R. §§ 404.1520a(d), 416.920a(d).

In this case, the ALJ properly evaluated the severity of Haggett's anxiety and depression using the special technique outlined in 20 C.F.R. §§ 404.1520a, 416.920a. In determination of a claimant's mental impairments, the ALJ may consider (1) the claimant's failure to allege mental impairments in the complaint, (2) failure to seek mental health treatment, (3) the claimant's own statements, and (4) lack of medical evidence indicating mental impairment. *Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011). Haggett failed to allege any mental impairment as a basis for her disability claim in her disability application. (Tr. 205.) The ALJ properly determined that Haggett did not establish she had an impairment lasting or expected to last twelve months in duration. (Tr. 22.) The record also indicates that Haggett received mental health treatment on an inconsistent basis until August 2010 and that her depression and anxiety were tied to situational

stressors, including problems with her boyfriend and finances.  (Tr. 63, 66, 360-373, 636-638, 730-736.)  Medical records also indicate her anxiety and depression improved with use of medication and counseling.  *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) (medical record supports conclusion that depression experienced by claimant was situational in nature and improved with a regimen of medication and counseling).  Situational factors are not a basis for an award of disability benefits.  Based on the foregoing, the Court finds that the ALJ's determination regarding the severity of Haggett's anxiety and depression is supported by substantial evidence in the record as a whole.

  **B.**  **Failure to Develop the Record**

Haggett contends that the ALJ should have obtained multiple sets of medical records concerning her prior mental health hospitalizations and her counseling records from the Family Counseling Center and Lisa Coleman, because the records were important and relevant to the disability case.  Haggett asserts the ALJ failed in her duty to develop the record.

A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."  *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (citing *Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004).  The ALJ's duty to develop the record extends to cases where the claimant is represented by counsel at the administrative hearing.  *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004).  The ALJ is required to develop a complete medical history for the claimant for at least the twelve months preceding the month in which the claimant's application was filed before making a determination.  20 C.F.R. §§ 404.1512(d), 416.912(d).  A complete medical history includes the records of the claimant's medical source covering at least the 12 months preceding the month in which the application is filed.  20 C.F.R. §§ 404.1512(d)(2), 416.912(d)(2).

"There is no bright line test for determining when the [Commissioner] has failed to develop the record. The determination in each case must be made on a case by case basis." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). A claimant for social security disability benefits has the responsibility to provide medical evidence demonstrating the existence of an impairment and its severity during the period of disability and how the impairment affects the claimant's functioning. 20 C.F.R. §§ 404.1512(c), 416.912(c).

"The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Furthermore, "reversal due to failure to develop the record is only warranted where such failure is unfair and prejudicial." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Based on the evidence in the record as a whole, the Court finds that the ALJ met the duty to fully develop the record. First, Haggett's counsel informed the ALJ that the hearing record was complete. (Tr. 54.) Second, the ALJ was not obligated to obtain medical records from five to ten years prior to the alleged onset date of disability. Third, the evidence in the record provided a sufficient basis for the ALJ's decision and there was no indication in the record that additional medical records were necessary. Finally, despite stressing the importance of the additional medical records cited, Haggett never attempted to submit these medical records into evidence at any time during the administrative process.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. 1, 16.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 10th day of January, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE